IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan W.,[1] | ) | Case No.: 0:23-cv-670-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin J. O'Malley,[2] Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett ("Report and Recommendation" or "Report"), under Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Jonathan W., ("Plaintiff") brings this action under Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), as amended ("Act"), seeking judicial review of the final decision of Defendant Martin J. O'Malley, Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under the Act.

   Plaintiff applied for DIB on August 23, 2021, alleging a disability onset beginning January 21, 2019. The application was denied initially and on reconsideration by the Social Security Administration. (DE 6-4, pp. 89-93.) The Administrative Law Judge ("ALJ") issued an unfavorable decision on October 4, 2022. (DE 6-2, pp. 18-38.) Plaintiff sought review of the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Commissioner of the Social Security.

1

ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. (Id. at 1-6.) Plaintiff filed a Complaint seeking judicial review of that decision on February 17, 2023. (DE 1.)

The Magistrate Judge issued the Report and Recommendation on January 18, 2024, recommending that the Commissioner's decision be reversed and remanded. (DE 12.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court only reviews the report and recommendation for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Neither party filed an objection to the Report and Recommendation. Upon review of the Report and the record in this case, the Court finds that there is no clear error on the face of the record, adopts the Report and Recommendation, and incorporates it here by reference. It is hereby **ORDERED** that the Commissioner's decision is **REVERSED and REMANDED** for further consideration as detailed in the Report.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 16, 2024

3